# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

UNITED STATES OF AMERICA,

v.                                                    1:05-cr-372-WSD

MIRTHA DE LOS SANTOS,

                                Defendants.

## OPINION AND ORDER

This matter is before the Court on Defendant Mirtha de los Santos's

("Defendant") Objections [201] to the Report & Recommendation [200] issued by

Magistrate Judge Janet F. King on April 11, 2007 on Defendant's Motion to

Suppress Statements [193].  In the Motion to Suppress, Defendant moved to

exclude statements she made during an interview conducted by agents of the Drug

Enforcement Administration ("DEA") on August 30, 2006.  Defendant argues she

made the statements while she was in custody and that she was not read the

warnings required by Miranda v. Arizona, 384 U.S. 436 (1966), thus her Fifth and

Sixth Amendment rights were violated.  The Magistrate Judge conducted an

evidentiary hearing and found that Defendant's interrogation was not custodial and

that Defendant had been read her Miranda rights.  The Magistrate Judge recommended the Motion to Suppress be denied.

In her Objections, Defendant essentially contests the Magistrate Judge's findings of fact.  Specifically, Defendant claims the Magistrate Judge should not have accepted the testimony of the DEA agents who testified at the evidentiary hearing that Defendant was free to leave and that she was read her Miranda rights.  Defendant argues the Magistrate Judge should have discredited Agent Calvo's testimony and instead accepted her version of the interrogation.  Specifically, she argues the Magistrate Judge should have concluded that she was not free to leave the interview and was not read her Miranda rights.

## I.      STANDARD OF REVIEW

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify a judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983).  A district judge "shall make a *de novo* determination of those portions of the report or specify proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(c).  This requires that the district judge "give fresh consideration to

those issues to which specific objection has been made by a party."

Jeffrey S. v. State Bd. of Educ. of Ga., 896 F.2d 507, 512 (11th Cir. 1990) (quoting

H.R. 1609, 94th Cong., § 2 (1976)).  With respect to those findings and

recommendations to which the Defendant has not asserted objections, the Court

must conduct a plain error review of the record.  United States v. Slay, 714 F.2d

1093, 1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984).

## II.     DISCUSSION

The issue before the Court is how to interpret the facts presented at the

evidentiary hearing, and the Court carefully has reviewed the transcript of the

hearing in light of Defendant's objections .  The Court finds the facts set forth in

the R&R are well founded based on the testimony presented at the hearing.  The

Court further finds Defendant's version of the facts are inconsistent with the

testimony presented by the testifying DEA agents and that her version of the facts

is not reasonable.  Specifically, the Court agrees that Defendant was not under

arrest or in custody, and that she was free to leave and indeed was free not to

accompany the agents to the interview.  The Court finds the totality of the

circumstances compels the conclusion that the interview of the Defendant was not

custodial.  Stansbury v. California, 511 U.S. 318, 322-23 (1994); United States v.

Muegge, 225 F.3d 1267, 1270  (11th Cir. 2000); United States v. Street, 472 F.3d 1298, 1309 (11th Cir. 2006).  The Court further finds the evidence established that Defendant was read her Miranda rights.

Finally, the Court finds that Defendant's Sixth Amendment right to counsel did not attach at the August 30, 2006 interview.  Even though Defendant received Miranda warnings, she did not request a lawyer.  The Court concludes that Defendant's statements to DEA agents on August 30, 2006 were not elicited in violation of Defendant's constitutional rights.  Accordingly,

**IT IS HEREBY ORDERED** that the Defendant's Objections to Magistrate Judge's Report & Recommendations [201] are **OVERRULED**.

**IT IS FURTHER ORDERED** that the Court **ADOPTS AS ITS ORDER** the Report and Recommendation [200], and Defendant's Motion to Suppress Statements [193] is **DENIED**.

**SO ORDERED** this 13th day of August, 2007.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

4